No. 369.—C. E. R. KING v. SUCCESSION OF J. B. TRIGG.    G. W. BROACH v. THE SAME. (Consolidated.)

A proceeding by rule against an administratrix requiring her to show cause why she should not be dismissed from office for gross neglect of duty, and why judgment should not be rendered against her and her sureties *in solido* for the amount claimed in the rule is irregular, and a judgment rendered thereon dismissing her from office will be annulled on appeal.

APPEAL from the Eighteenth Judicial District Court, parish of Bossier. *L. W. Baker*, Parish Judge. *Richard W. Turner*, for succession, appellant. *Robert J. Looney*, for appellees.

TALIAFERRO, J. In each of these cases a summary proceeding by rule was instituted against the administration of the estate of J. B. Trigg, requiring her to show cause why she should not be dismissed from office for gross neglect of her duties as administratrix, and why judgment should not be rendered against her and her surety *in solido* for the amount claimed by the respective plaintiffs as owing them by the succession. Each of the plaintiffs prayed also that the administratrix be ordered to file an account of her administration. It seems that in conformity with an order of the parish court rendered on these petitions, the administratrix filed a statement of debts against the estate, by which it would appear that it is largely insolvent. The claims of the plaintiffs, which had been some time before accepted by the administratrix as debts against the succession, were placed on this statement of

debts.   An order was rendered homologating the statement of debts, and decreeing that they be paid if the succession be solvent; if not, that they be paid in conformity with a tableau of distribution to be subsequently filed.   No opposition was presented to the statement of debts, and no further proceedings taken in reference to it, or to the filing of a regular tableau and classification of debts.   A judgment was rendered in each case dismissing the administratrix from office, decreeing judgment *in solido* against the succession and the administratrix in her personal capacity for the amounts claimed, and that she render a final account within ten days after notice of the judgment.

From these judgments the administratrix has appealed.

The proceedings are clearly irregular.   No sufficient grounds are shown for the stringent order removing the administratrix from office, and none for the rendition of the judgments in favor of the plaintiffs. From the evidence in the record the presumption is strong that the estate will not be able to pay its debts in full, and that the plaintiffs, who are ordinary creditors, will have to share with other creditors of the same class in a *pro rata* distribution of the assets of the succession.

It is therefore ordered that the judgment of the parish court be annulled, avoided and reversed.   It is further ordered that the rule taken by plaintiffs be dismissed, reserving their right to prosecute their claims against the succession in due course of law, the plaintiffs and appellees paying costs in both courts.